Sanogo v Giacomini (2026 NY Slip Op 00863)

Sanogo v Giacomini

2026 NY Slip Op 00863

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 33570/20|Appeal No. 5847|Case No. 2024-07716|

[*1]Amidou Sanogo, Plaintiff-Appellant,
vEugene Giacomini et al., Defendants-Respondents.

Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Scott W. Pearl of counsel), for appellant.
Martin S. Rapaport, P.C., New York (Karen F. Neuwirth of counsel), for respondents.

Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered December 10, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this personal injury action alleging that a vehicle owned by defendant United Parcel Service Inc. and operated by defendant Eugene Giacomini struck the side of plaintiff's vehicle while attempting to pass him. Plaintiff was double parked on a one-way street at the time of the accident.
In support of their motion for summary judgment defendants submitted the report of an expert, who opined that the damage to plaintiff's vehicle was caused by plaintiff's vehicle moving forward while defendants' vehicle was stopped or nearly stopped. The expert relied upon photos of the accident site and post-accident photos of the accident scene and plaintiff's vehicle, as well as data obtained from inspections of the accident site and defendants' truck. The report was consistent with Giacomini's testimony that he had to "ride the brake" and that his foot was not on the gas pedal when the vehicles made contact. Plaintiff failed to raise a triable question of fact in opposition.
Plaintiff now contends that defendants' expert's report should never have been considered because it was unsworn and unsupported by a proper evidentiary foundation. However, plaintiff never argued before Supreme Court that the expert's report was unsworn, based on unauthenticated photographs and measurements or otherwise inadmissible. Thus, plaintiff's evidentiary challenges to defendants' expert's findings are unpreserved, and we decline to review them in the interest of justice (see Borges v Rose, 187 AD3d 594, 595 [1st Dept 2020], lv denied 37 NY3d 902 [2021]). In any event, we find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026